UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ECHO Health, Inc., | Court File No.: 0:_____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Echo Payments, | |
| Defendant. | |

For its Complaint against Defendant Echo Payments ("Defendant"), Plaintiff ECHO Health, Inc. ("ECHO Health") alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States and the laws of the State of Minnesota. ECHO Health seeks monetary damages and injunctive relief as provided in, *inter alia*, 15 U.S.C. §§ 1116, 1117, and 1125 and Minnesota Statute § 325D.44 based upon Defendant's improper and impermissible use of ECHO Health's trademarks as set forth below.

## THE PARTIES

2. ECHO Health, Inc. is an Ohio corporation with its principal place of business at 810 Sharon Drive, Westlake, Ohio 44145.

3. Defendant Echo Payments is a legal entity with its principal place of business at 25 N. Lake Street, Forest Lake, MN 55025.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331(a) because some of the claims in this Complaint arise under 15 U.S.C. §§ 1114 and 1125(a). The Court has jurisdiction over the remaining claims under the doctrine of ancillary jurisdiction.

5.     This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is a resident of Minnesota.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) because Defendant resides in this judicial district.

## FACTS

7.     ECHO Health is an industry leading provider of payment processing services.

8.     ECHO Health maintains its corporate headquarters in Westlake, Ohio, and services providers and vendors of all sizes across the United States.

9.     ECHO Health was founded in 1997 and has operated a website in connection with its business for over 22 years at the URL, https://www.echohealthinc.com.

10.    On January 1, 2013, ECHO Health began using three ECHO marks in commerce and invested heavily in publicizing the marks in connection with its business. Those marks are as follows:



11.    ECHO Health has registered all three marks as trademarks with the United States Patent and Trademark Office.  The goods and services to which the ECHO marks apply are described as:

> Healthcare benefit payment services, namely, bill payment and payment processing; healthcare benefit payment consolidation services, namely, bill consolidation and payment processing consolidation; electronic delivery of healthcare benefit payments, namely, electronic payment services involving electronic processing and subsequent transmission of bill payment data.

Copies of the registrations are attached as Exhibit A (Registration Number 4412021), Exhibit B (Registration Number 4567513), and Exhibit C (Registration Number 4567517).

12. ECHO Health's marks have been prominently displayed on its website, at http://www.echohealthinc.com, and prominently featured in its promotional efforts.

13. Since January 2013, ECHO Health has also engaged in extensive development efforts to expand its network of electronic-ready payment processing providers and vendors. ECHO Health has used the marks in connection with those efforts.

14. On August 23, 2016, ECHO Health began using the mark ECHO Payments *Simplified* in commerce and has invested heavily in publicizing the design in connection with its business. That design is as follows:



15. Since then, the ECHO Payments *Simplified* mark has been prominently displayed on ECHO Health's website and prominently featured in its promotional efforts.

16. ECHO Health registered the ECHO Payments *Simplified* mark as a trademark with the United States Patent and Trademark Office in August 2016. The goods and services to which the marks apply are described as:

> Facilitating healthcare benefit disbursements, namely, healthcare benefit claims administration; healthcare benefit payment services, namely, bill payment and payment processing; healthcare benefit payment consolidation services, namely, bill consolidation and payment processing consolidation; electronic delivery of healthcare benefit payments, namely, electronic payment services involving electronic processing and subsequent transmission of bill payment data.

A copy of the registration for ECHO Payments *Simplified* (Registration Number 5282626) is attached as Exhibit D.

17. ECHO Health currently utilizes the ECHO Payments *Simplified* mark to identify it and the services it offers and has used that mark for the last six and a half years.

18. As a result of ECHO Health's investment in publicizing its name and services and the widespread publicity ECHO Health has received since 2013, the relevant public has come to associate the ECHO name and marks with ECHO Health as being the source or origin of its services.

19. As a result of ECHO Health's efforts to publicize its payment processing services, the consuming public has come to associate the ECHO marks with ECHO Health.

20. Defendant Ecwho Payments was formed in July 2016, and has operated a website using the domain name echopayments.com since then. A screenshot of Defendant's website as of July 14, 2016, is attached as Exhibit E.

21. According to its website, Defendant is also in the business of providing payment processing services.

22. Upon information and belief, in September 2020, Defendant began displaying the following mark on its website using the echopayments.com domain:



A screenshot of Defendant's website as of September 19, 2020, is attached as Exhibit F.

23. A comparison of Defendant's mark to ECHO Health's mark reveals a striking similarity including, but not limited to, the design, drawing, and words contained therein:

 

4

24. Defendant's use of the term ECHO in connection with its payment processing services has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with ECHO Health.

25. Defendant's use of the echopayments.com domain has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with ECHO Health.

26. Defendant's adoption of a mark that has significant design similarities to ECHO Health's mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with ECHO Health.

27. Defendant's use of the term ECHO in connection with its payment processing services has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the source or origin of Defendant's goods, services, or commercial activities as ECHO Health, or as to the sponsorship, or approval of Defendant's goods, services, or commercial activities by ECHO Health.

28. Defendant's use of the echopayments.com domain has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the source or origin of Defendant's goods, services, or commercial activities as ECHO Health, or as to the sponsorship, or approval of Defendant's goods, services, or commercial activities by ECHO Health.

29. Defendant's adoption of a mark that has significant design similarities to the ECHO Payments *Simplified* mark is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of Defendant's goods, services, or commercial activities as ECHO Health, or as to the sponsorship, or approval of Defendant's goods, services, or commercial activities by ECHO Health. For example, a recent potential vendor prepared a document for ECHO Health using

Defendant's logo, mistakenly thinking it was affiliated, connected, or otherwise associated with ECHO Health.

30. Upon information and belief, Defendant's use of the infringing mark and domain name is nationwide. A list of cities where Defendant provides services is attached as Exhibit G, pgs. 3-8.

31. ECHO Health has been and is likely to continue to be damaged by Defendant's conduct.

32. Defendant was notified of ECHO Health's rights in and to the ECHO name in January 2023. As of the filing of this Complaint, ECHO Health has not received a verbal or written response from Defendant.

## COUNT I
### (Trademark Infringement – 15 U.S.C. §1114)

33. ECHO Health incorporates by reference Paragraphs 1 through 32 of this Complaint.

34. Defendant has, without ECHO Health's consent, used in commerce a colorable imitation of the ECHO Health marks in connection with the sale, offering for sale, or advertising of services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive. Defendant has thereby violated 15 U.S.C. §1114.

35. Defendant's use of the term ECHO, use of the echopayments.com domain, and its adoption of a mark that has significant design similarities to ECHO Health's ECHO Payments *Simplified* mark is a violation of 15 U.S.C. §§ 1114 and 1125(a).

36. ECHO Health has been damaged as a result of Defendant's violation of §§ 1114 and 1125(a).

37. Pursuant to 15 U.S.C. §§ 1116 and 1117, ECHO Health is entitled to injunctive relief, Defendant's profits, any damages sustained by ECHO Health and the costs of this action.

38. Because Defendant has continued to use the echopayments.com domain despite being put on notice of ECHO Health's rights, and because Defendant adopted the ECHO name and a mark intended to mimic the ECHO Payments *Simplified* mark utilized by ECHO Health, this is an exceptional case entitling ECHO Health to recover its legal fees pursuant to 15 U.S.C. § 1117.

**COUNT II**
**(Violation of 15 U.S.C. § 1125(d))**

39. ECHO Health incorporates by reference Paragraphs 1 through 38 of this Complaint.

40. ECHO Health's marks, including the ECHO Payments *Simplified* mark, are distinctive.

41. Defendant's mark and echopayments.com domain are confusingly similar to the ECHO Payments *Simplified* mark.

42. The following graph shows that the .com Top Level Domain is used by more than half of all websites in the world (as of June 2022, 52.8 percent of all global websites used a .com top-level domain):



43. Members of the relevant public who become familiar with ECHO Health and its mark ECHO Payments *Simplified*, will likely first visit the echopayments.com domain in attempt to learn more information about ECHO Health's payment processing services. Upon visiting that site, they will be presented with competing payment processing services offered by Defendant. Members of the relevant public have been and will likely be misled into believing Defendant's goods, services, or commercial activities as those of ECHO Health, or as to the sponsorship, or approval of Defendant's goods, services, or commercial activities by ECHO Health.

44. Given that ECHO Health's first use of the ECHO marks was in January 2013, and its first use of the ECHO Payments *Simplified* mark was in August 2016, ECHO Health is the senior user for both marks.

45. Additionally, as the owner of the ECHO trademarks, ECHO Health had exclusive right to use the ECHO marks nationwide as of January 1, 2013, and the exclusive right to use the ECHO Payments *Simplified* mark nationwide as of August 23, 2016, with the goods and descriptions listed in the registration.

46. Upon information and belief, Defendant Echo Payments did not exist until July 2016, so Defendant has no trademark or intellectual property rights arising from any use of the name "Echo" prior to July 2016. Likewise, upon information and belief, prior to July 2016, Defendant had not used the "Echo" mark in connection with the bona fide offering of any goods or services.

47. Additionally, upon information and belief, Defendant did not begin using its current mark until September 2020, so Defendant has no trademark or intellectual property rights arising from any use of the mark prior to September 2020. Likewise, upon information and belief, prior to September 2020, Defendant had not used its current mark in connection with the bona fide offering of any goods or services.

48. Defendant's use of its mark on the echopayments.com domain is for commercial purposes and is not a fair use of ECHO Health's ECHO Payments *Simplified* mark.

49. As evidenced by Defendant's failure to include any identifiable corporation information on its website, including names, phone numbers, or an address associated with the business, Defendant is aware of ECHO Health's rights in and to the ECHO Payments *Simplified* mark and that members of the relevant public are likely to visit the echopayments.com domain in their efforts to learn more about ECHO Health. Defendant is relying on that likelihood in an effort to profit from its use of the domain name and infringing mark.

50. As a result of the foregoing conduct, Defendant has violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and, consequently, ECHO Health has been damaged in an amount to be determined at trial.

## COUNT III
### (Violation of Minnesota Statute § 325D.44)

51. ECHO Health incorporates by reference paragraphs 1 through 50 of this Complaint.

52. Defendant has, without ECHO Health's consent, used in commerce a colorable imitation of the ECHO Health marks in connection with the sale, offering for sale, or advertising of services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

53. Defendant's use of the echopayments.com domain and its adoption of a mark that has significant design similarities to the ECHO Payments *Simplified* mark is a violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

54. ECHO Health has been damaged as a result of Defendant's violation of the Minnesota Deceptive Trade Practices Act. Under the Minnesota Deceptive Trade Practices Act, ECHO Health is entitled to injunctive relief, actual damages and attorneys' fees in an amount to be determined at trial.

## COUNT IV
### (Violation of Common Law Trademark Rights)

55. ECHO Health incorporates by reference paragraphs 1 through 54 of this Complaint.

56. As the senior user of the marks, ECHO Health has common law trademark rights in the ECHO marks.

57. Defendant's use of the ECHO mark and the echopayments.com domain is likely to cause confusion as to the source or origin of its goods and services.

58. Defendant has infringed ECHO Health's common law trademark rights. A list of cities where Defendant provides services is attached as Exhibit G, pgs. 3-8.

59. ECHO Health has been damaged and will be irreparably damaged if Defendant's infringement is not stopped.

60. ECHO Health is entitled to injunctive relief to prevent further infringement and its actual damages, including any of Defendant's profits, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, ECHO Health, Inc. prays for relief as follows:

A. For a preliminary and permanent injunction preventing Defendant from continued use of the echopayments.com domain and from any use of the word "Echo" that is likely to cause confusion as to the source or origin of goods or services, or any affiliation between ECHO Health, Inc. and Defendant;

B. For a permanent injunction requiring Defendant to transfer the echopayments.com domain to ECHO Health, Inc.;

C. For an award of all profits earned by Defendant as a result of its use of the echopayments.com domain;

D. For an award of ECHO Health, Inc.'s actual damages arising from Defendant's use of the echopayments.com domain;

E.   For an award to ECHO Health, Inc. of its legal fees and other litigation costs incurred in litigation with this litigation;

F.   For such other and further relief as this Court deems just.

Date: <u>March 27, 2023</u>                    **NILAN JOHNSON LEWIS PA**

By: <u>/s/Matthew C. Murphy</u>
    Stanley E. Siegel (MN #0199552)
    Matthew C. Murphy (MN #0391948)
    250 Marquette Avenue South, Suite 800
    Minneapolis, MN 55401
    (612) 305-7500
    (612) 305-7501 fax
    Email: ssiegel@nilanjohnson.com
           mmurphy@nilanjohnson.com

and

*Pro Hac Vice* admission pending

James B. Niehaus (OH #0020128)
Meghan C. Lewallen (OH #0090762)
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, OH 44114
(216) 515-1660
(216) 515-1650 fax
Email: jniehaus@frantzward.com
       mlewallen@frantzward.com

*Counsel for Plaintiff*