UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ECHO Health, Inc., | Case No.: 0:23-cv-00742-PAM-DTS |
| Plaintiff, | Judge Paul A. Magnuson |
| vs. | **PLAINTIFF ECHO HEALTH, INC.'S MOTION TO ALLOW ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT ECHO PAYMENTS** |
| Echo Payments, | |
| Defendant. | |

Plaintiff ECHO Health, Inc. moves this Court for an order authorizing service of process on Defendant Echo Payments via electronic mail ("e-mail"). Federal courts have found that service by e-mail is permissible under circumstances where, such as here, the defendant has evaded service and the proposed alternative method of service is reasonably calculated to notify the defendant of the action and provide an opportunity to be heard. The grounds for this Motion are more fully set forth in the accompanying Memorandum in Support.

**FRANTZ WARD LLP**

*/s/ James B. Niehaus*
James B. Niehaus *(admitted pro hac vice)*
Meghan C. Lewallen *(admitted pro hac vice)*
200 Public Square, Suite 3000
Cleveland, OH 44114
(216) 515-1660
(216) 515-1650 fax
Email: jniehaus@frantzward.com
       mlewallen@frantzward.com

*and*

1

Stanley E. Siegel
Matthew C. Murphy
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
(612) 305-7500
(612) 305-7501 fax
Email: ssiegel@nilanjohnson.com
mmurphy@nilanjohnson.com

*Counsel for Plaintiff ECHO Health, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ECHO Health, Inc., | Case No.: 0:23-cv-00742-PAM-DTS |
| Plaintiff, | Judge Paul A. Magnuson |
| vs. | **MEMORANDUM IN SUPPORT OF PLAINTIFF ECHO HEALTH, INC.'S MOTION TO ALLOW ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT ECHO PAYMENTS** |
| Echo Payments, | |
| Defendant. | |

## INTRODUCTION

**I.   Echo Payments is knowingly and intentionally using an infringing mark.**

This trademark infringement action arises from Defendant Echo Payments ("Echo Payments") improper and impermissible use of Plaintiff ECHO Health, Inc. ("ECHO Health")'s trademarks in violation of state and federal law.

As set forth in ECHO Health's Complaint, ECHO Health is an industry leading provider of payment processing services. ECHO Health was founded in 1997 and has operated a website in connection with its business for over 22 years.

On January 1, 2013, ECHO Health began using three ECHO marks in commerce in connection with its business. ECHO Health invested heavily in publicizing these marks and registered all three as trademarks with the United States Patent and Trademark Office.

Subsequently, on August 23, 2016, ECHO Health began using the following mark in commerce in connection with its business:



3

Since then, ECHO Health has invested heavily in publicizing the mark which has been prominently displayed on its website and promotional materials. Just as with its other three marks, ECHO Health also registered the "ECHO Payments *Simplified*" mark with the United States Patent and Trademark Office.

Defendant Echo Payments was formed in July 2016 and operates a website using the domain name echopayments.com. According to its website, Echo Payments is also in the business of providing payment processing services. In September 2020, Echo Payments began displaying the following mark on its website using the echopayments.com domain:



It is undeniable that Echo Payments is using an infringing mark in the operation of its business. A side-by-side comparison of the marks reveals a striking similarity including, but not limited to, the design, drawing, and words contained therein:



Echo Payments' use of a confusingly similar mark, in connection with its domain name echopayments.com, most certainly infringes on ECHO Health's trademark rights and is likely to cause confusion among customers regarding the origin of the goods and services offered by the parties.

As the owner of the ECHO trademarks, ECHO Health had exclusive right to use the ECHO marks nationwide as of January 1, 2013, and the exclusive right to use the ECHO Payments

*Simplified* mark nationwide as of August 23, 2016, with the goods and services listed in the registration. Echo Payments did not exist until July 2016, so Echo Payments has no trademark or intellectual property rights arising from any use of the name "Echo" prior to July 2016. Likewise, Echo Payments did not begin using its current mark until September 2020, so it has no trademark or intellectual property rights arising from any use of the mark prior to September 2020.

Simply put, it is clear Echo Payments' use of the term ECHO, use of the echopayments.com domain, and its adoption of a mark that has significant design similarities to ECHO Health's ECHO Payments *Simplified* mark is a violation of 15 U.S.C. §§§ 1114, 1125(a) and 1125(d) and Minn. Stat. § 325D.44.

Unless and until Echo Payments is permanently prohibited from infringing on ECHO Health's "ECHO" marks, ECHO Health will continue to suffer damages.

## II. Echo Payments is acting with intent to conceal its location to avoid liability for its unlawful conduct.

In addition to infringing on ECHO Health's trademarks, it is clear Echo Payments is acting with intent to conceal its location to avoid liability for its unlawful conduct. As set forth in the Complaint, Echo Payments operates its business exclusively through a website at the URL, http://www.echopayments.com. Of particular importance, Echo Payments' website fails to include any identifiable corporate information including names, phone numbers, or an address associated with the business. This not only creates further customer confusion as to the source or origin of Echo Payments' services but also makes it impossible for anyone, including ECHO Health, to contact Echo Payments directly.

Consequently, when ECHO Health first discovered Echo Payments was infringing on ECHO Health's marks, ECHO Health had no way of communicating with Echo Payments to demand that it cease such conduct. Rather, ECHO Health was forced to initiate a Domain Name

5

Dispute Resolution Proceeding against Echo Payments to obtain basic contact information for the business. Through the dispute resolution process, ECHO Health obtained Echo Payments' domain registration records from Cloudflare, Inc., the registrar for Echo Payments' website. Those records included the following information:

> We have identified the current registrant name and/or registrant organization of [echopayments.com] . . .
>
> Registrant/Admin/Tech/Billing Name: Jack Casey
> Registrant/Admin/Tech/Billing Org: Echo Payments
> Registrant/Admin/Tech/Billing Address: 25 N Lake St Forest Lake, Minnesota
> Registrant/Admin /Tech/Billing Country: USA
> Registrant/Admin/Tech/Billing Postal Code: 55025
> Registrant/Admin/Tech/Billing Phone: +1.6128382751
> Registrant/Admin/Tech/Billing Email: jack@echopayments.com

Domain Name Dispute Verification Request attached as Exhibit A. Upon receipt of same, ECHO Health immediately notified Echo Payments of ECHO Health's rights in and to the ECHO name via e-mail and requested that Echo Payments stop using the "ECHO" marks and cease use of the echopayments.com domain. Unsurprisingly, Echo Payments ignored ECHO Health's requests.

With no other course or remedy available, on March 27, 2023, ECHO Health filed the instant action to obtain an order to shut down Echo Payments' website.

This case was filed in this Court based on the belief that Echo Payments was located at 25 N. Lake Street, Forest Lake, Minnesota—the address Echo Payments provided in its domain name registration records. However, while attempting to personally serve Echo Payments with a copy of the Complaint and Summons, ECHO Health learned that the 25 N. Lake Street address is false, incomplete, or invalid for service of process as it has no connection to Echo Payments' business. True and accurate copies of ECHO Health's service attempts are attached as Exhibits B-F as well as an Affidavit from Metro Legal Services attached as Exhibit G and a Declaration from James B.

6

Niehaus attached as Exhibit H. Nonetheless, Echo Payments has availed itself to this Court's jurisdiction by affirmatively representing its business is located within this Court's judicial district.

ECHO Health made multiple attempts to service Echo Payments by traditional methods with the understanding that Echo Payments may be a corporation, a partnership, or an individual doing business under the Echo Payments name; however, without a valid business address, service by traditional means is simply not possible. ECHO Health also attempted to contact Echo Payments by phone; however, the phone number provided in the domain name records was invalid, disconnected, or otherwise went unanswered. Lastly, since Echo Payments is not registered with the Secretary of State, service on the Secretary is also not an option.

### III.   Echo Payments has a valid and operational e-mail address.

Echo Payments operates an Internet-based business and uses e-mail as a means of communication. As set forth above, ECHO Health recently obtained Echo Payments' domain name registration records, which included a contact e-mail address for Jack Casey, jack@echopayments.com, to be used for all communications related to Echo Payments' website.

Importantly, it has been confirmed this e-mail address is current as it was recently used during the Domain Name Dispute Resolution Proceeding earlier this year for all communications with Echo Payments. Additionally, Plaintiff's counsel used the same e-mail address to provide Echo Payments with a copy of the Complaint and a Request for Waiver of Service. *See* Exhibit E. The fact that no e-mails "bounced back" or returned as "undeliverable," demonstrates the e-mails were delivered to Echo Payments. *See Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562, 2004 U.S. Dist. LEXIS 26785, *4 (E.D. Tenn. Nov. 16, 2004) (finding that an e-mail sent to an e-mail address supplied by defendant to its domain name registrar did not bounce

7

back and presumably reached defendant); *Chanel, Inc. v. Zhizian*, Case No. 10-CV-60585-JIC, [ECF No. 11 at 7] (S.D. Fla. April 29, 2010).

Absent the ability to service Echo Payments by e-mail, ECHO Health will most certainly be left without the ability to pursue a remedy. As it stands, ECHO Health's hands are tied. Echo Payments continues to engage in unlawful conduct and conceal its location to avoid liability for the same, yet, ECHO Health cannot seek an order from this Court requesting relief until service of process has been obtained. Given the facts of this case, service by e-mail satisfies due process because it is both reasonably calculated and the most likely method to reach and notify Echo Payments as to this action.

## **DISCUSSION**

Federal courts have allowed a variety of alternative service methods, including service by e-mail, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017, 2002 U.S. App. LEXIS 4392, *16 (9th Cir. Jan. 17, 2002) (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."); *FTC v. PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969, *12 (S.D.N.Y. Mar. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); *St. Francis Assisi v. Kuwait Fin. House*, 2016 U.S. Dist. LEXIS 136152, *2 (N.D. Cal. Sept. 30, 2016) (authorizing service of process via Twitter as it was reasonably calculated to give notice nor prohibited by international agreement); *Williams-Sonoma Inc. v. Friendfinder, Inc.*, 2007 U.S. Dist. LEXIS 31299, *4-5, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) (authorizing service by

8

email where plaintiff "has established that the email accounts [it has] for defendants have been effective means of communicating with defendants."); *Philip Morris USA, Inc. v. Veles Ltd.*, No. 06 CV 2988, 2007 U.S. Dist. LEXIS 19780, *2-3 (S.D.N.Y. Mar. 12, 2007) ("[C]ourts have permitted a wide range of alternative methods of service including email.").

Thus, e-mail service on an online business defendant is appropriate and constitutionally acceptable in a case where plaintiff has proven that e-mail is the most effective means of providing the defendant notice of the action, particularly, where a defendant has evaded service, defendant's whereabouts are unknown, or defendant's business was exclusively digital in nature.  *See Osio v. Moros*, 2021 U.S. Dist. LEXIS 76523, *9-10, 2021 WL 1564359 (S.D. Fla. Apr. 21, 2021) (citing *ABS-CBN Corporation v. aceshowbiz.me*, Case No. 18-CIV-61553, [ECF No. 10 at 3] (S.D. Fla. July 17, 2018)); *Seaboard Marine Ltd., Inc. v. Magnum Freight Corp.*, No. 17-21815-CIV, 2017 U.S. Dist. LEXIS 231098, 2017 WL 7796153, at *2 (S.D. Fla. Sept. 21, 2017); *See Broadfoot v. Diaz (In re International Telemedia Assocs.)*, 245 B.R. 713, 722 (N.D. Ga. Feb. 15, 2000) ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules.").

Several courts have also authorized e-mail service "when the record discloses diligent efforts by the plaintiff to obtain a physical address to effect traditional service, that the defendant does business online (particularly business related to the subject of the suit), and that the defendant has recently communicated using the e-mail address the plaintiff proposes to use for service." *Collins v. Doe*, 2010 U.S. Dist. LEXIS 126121 at *2 (S.D. Tex. Nov. 30, 2010) (citing *see, e.g., Nabulsi v. Al Nahyan*, Civ. A. No. H-06-2683, 2007 U.S. Dist. LEXIS 75077, 2007 WL 2964817, at *8 (S.D. Tex. Oct. 9, 2007); *Tishman v. The Associated Press*, No. 05 Civ. 4278, 2006 U.S. Dist. LEXIS 4622, 2006 WL 288369, at *1-3 (S.D.N.Y. Feb. 6, 2006) (allowing substituted

9

service by e-mail after the plaintiff had shown that "actual prior attempts to serve a party under each and every method provided in the statute [had] been undertaken"); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, No. 08 CV 2593, 2008 U.S. Dist. LEXIS 97241, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (authorizing e-mail service on a foreign corporation because the plaintiffs were unsuccessful in effectuating traditional service but demonstrated that defendants transacted business online); *Keller Williams Realty, Inc. v. Lapeer*, No. 4:08-CV-1292, 2008 U.S. Dist. LEXIS 58079, 2008 WL 2944601, at *2 (S.D. Tex. July 31, 2008); *Juniper Networks, Inc. v. Bahattab*, No. Civ. A. 07-1771, 2008 U.S. Dist. LEXIS 6256, 2008 WL 250584, at *1 (D.D.C. Jan. 30, 2008); *D.R.I., Inc. v. Dennis*, No. 03 Civ. 10026, 2004 U.S. Dist. LEXIS 22541, 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004); *Power Corp. of Canada v. Power Financial*, Civ. A. No. 4:09-CV-0510, 2009 U.S. Dist. LEXIS 31058, 2009 WL 982750, at *1 (M.D. Pa. Apr. 13, 2009)).

Alternative service by e-mail is warranted in this case. ECHO Health diligently pursued traditional means of service of process on Echo Payments; however, it is undeniable that Echo Payments has intentionally concealed its whereabouts in attempt to avoid liability for its unlawful conduct and otherwise evade service. Not only has Echo Payments intentionally concealed its whereabouts by failing to include any identifiable corporate information on its website, it also knowingly provided its registrar with a false, incorrect, or invalid address allegedly associated with its business, thereby making service by traditional methods impossible.

ECHO Health has established that the email address that it has for Echo Payments has been an effective means of communicating. Service by e-mail sufficiently satisfies due process given the facts of this case as it is both reasonably calculated and the most likely method to reach and notify Echo Payments as to this action and afford it an opportunity to be heard.

## **CONCLUSION**

Accordingly, because the evidence in this case establishes Echo Payments has acted with clear intent to evade service and service by e-mail is reasonably calculated to notify Echo Payments of the pendency of the action, ECHO Health respectfully requests this Court to allow service of process on Echo Payments by e-mail. In the alternative, should this Court believe service by publication is somehow more likely to provide Echo Payments with notice of this action, a proposed Summons by Publication is attached as Exhibit I. Upon filing proof of service by e-mail or as otherwise ordered by this Court, service should be deemed perfected upon Echo Payments.

**FRANTZ WARD LLP**

 */s/ James B. Niehaus*
James B. Niehaus *(admitted pro hac vice)*
Meghan C. Lewallen *(admitted pro hac vice)*
200 Public Square, Suite 3000
Cleveland, OH 44114
(216) 515-1660
(216) 515-1650 fax
Email: jniehaus@frantzward.com
           mlewallen@frantzward.com

*and*

Stanley E. Siegel
Matthew C. Murphy
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
(612) 305-7500
(612) 305-7501 fax
Email: ssiegel@nilanjohnson.com
           mmurphy@nilanjohnson.com

*Counsel for Plaintiff ECHO Health, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on May 19, 2023, the foregoing was filed electronically and will be served via e-mail to the following:

Jack Casey
Echo Payments
jack@echopayments.com

*/s/ James B. Niehaus*
*One of the Attorneys for Plaintiff ECHO Health, Inc.*
