UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ECHO Health, Inc., | Civ. No. 23-741 (PAM/DTS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Echo Payments, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

Plaintiff Echo Health, Inc. filed this lawsuit on March 27, 2023. On May 25, 2023, Defendant Echo Payments was served with the summons and complaint by email; thus, any answer or responsive pleading was due on or before June 15, 2023. Defendant did not appear or respond to the Complaint, so Plaintiff filed a request for the entry of default on June 22, 2023. The Clerk's Office entered default against Echo Payments on June 26, 2023. (Docket No. 18.)

On September 12, 2023, the Court held a hearing on the Motion, at which Defendant did not appear. At the hearing, Plaintiff clarified that it seeks only injunctive relief, and is not requesting money damages or attorney's fees. Additionally, Plaintiff explained that it requests that the Court order the transfer of the domain name under 15 U.S.C. § 1125(d)(1)(C), as explained below. Having reviewed Plaintiff's submissions, Plaintiff has established that it is entitled to injunction it seeks.

1. ECHO Health is an Ohio corporation with its principal place of business in Westlake, Ohio. ECHO Health is an industry-leading provider of payment-processing services and services providers and vendors of all sizes across the United States.

2. ECHO Health was founded in 1997 and has operated a website in connection with its business for over 22 years at https://www.echohealthinc.com.

3. On January 1, 2013, ECHO Health began using three ECHO marks in commerce and invested heavily in publicizing the marks in connection with its business. Those marks are as follows:



4. ECHO Health registered all three marks as trademarks with the United States Patent and Trademark Office. The goods and services to which the ECHO marks apply are described as: "healthcare benefit payment services, namely, bill payment and payment processing; healthcare benefit payment consolidation services, namely, bill consolidation and payment processing consolidation; electronic delivery of healthcare benefit payments, namely, electronic payment services involving electronic processing and subsequent transmission of bill payment data."

5. From January 1, 2013, through the present, ECHO Health engaged in extensive development efforts to expand its network of electronic-ready payment processing providers and vendors. ECHO Health has used the marks in connection with those efforts.

6. On August 23, 2016, ECHO Health began using the mark ECHO Payments *Simplified* in commerce and has invested heavily in publicizing the design in connection with its business. That design is as follows:



7. ECHO Health registered the ECHO Payments *Simplified* mark as a trademark with the United States Patent and Trademark Office in August 2016. The goods and services to which the marks apply are described as:

> Facilitating healthcare benefit disbursements, namely, healthcare benefit claims administration; healthcare benefit payment services, namely, bill payment and payment processing; healthcare benefit payment consolidation services, namely, bill consolidation and payment processing consolidation; electronic delivery of healthcare benefit payments, namely, electronic payment services involving electronic processing and subsequent transmission of bill payment data.

8. As a result of ECHO Health's investment in publicizing its name and services and the widespread publicity ECHO Health has received since 2013, the relevant public has come to associate the ECHO name and marks with ECHO Health as being the source or origin of its services.

9. As a result of ECHO Health's efforts to publicize its payment-processing services, the consuming public has come to associate the ECHO marks with ECHO Health.

10. Defendant Echo Payments was formed in July 2016, and has operated a website using the domain name echopayments.com since then. Defendant is also in the business of providing payment processing services.

11. In September 2020, Defendant began displaying the following mark on its website using the echopayments.com domain:



12. ECHO Health's mark reveals a striking similarity including, but not limited to, the design, drawing, and words contained therein:

 

13. Defendant's use of the term ECHO in connection with its payment-processing services has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with ECHO Health.

14. Defendant's use of the echopayments.com domain has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with ECHO Health.

15. Defendant's adoption of a mark that has significant design similarities to ECHO Health's mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with ECHO Health.

16. Defendant's use of the term ECHO in connection with its payment processing services has and is likely to continue to cause confusion, or to cause mistake,

or to deceive as to the source or origin of Defendant's goods, services, or commercial activities as ECHO Health, or as to the sponsorship, or approval of Defendant's goods, services, or commercial activities by ECHO Health.

17. Defendant's use of the echopayments.com domain has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the source or origin of Defendant's goods, services, or commercial activities as ECHO Health, or as to the sponsorship, or approval of Defendant's goods, services, or commercial activities by ECHO Health.

18. Defendant's adoption of a mark that has significant design similarities to the ECHO Payments *Simplified* mark is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of Defendant's goods, services, or commercial activities as ECHO Health, or as to the sponsorship, or approval of Defendant's goods, services, or commercial activities by ECHO Health.

19. Defendant's use of the infringing mark and domain name is nationwide.

20. ECHO Health has been and is likely to continue to be damaged by Defendant's conduct.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are enjoined from further use of the echopayments.com domain and any use of the word "Echo" that is likely to cause confusion as to the source

or origin of goods or services, or any affiliation between ECHO Health, Inc. and Defendant. See Fed. R. Civ. P. 65(d); Thompson v. Freeman, 648 F.2d 1144, 1147 (8th Cir. 1981).

2. Defendant has violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), as a result of the conduct outlined above.

3. Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are ordered to transfer ownership and control of the echopayments.com domain to ECHO Health. 15 U.S.C. § 1125(d)(1)(C) ("In any civil action involving the registration, trafficking, or use of a domain name. . . , a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark.").

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 13, 2023

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge